Cyndie M. Chang (SBN 227542)
Katherine L. Nichols (SBN 228893)
Audra L. Thompson (SBN 218479)
**DUANE MORRIS LLP**
865 South Figueroa Street, Suite 3100
Los Angeles, CA 90017-5450
E-mail: knichols@duanemorris.com

Attorneys for GLOBAL EXCEL
MANAGEMENT, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MUIR HEALTH, a California non-profit public benefit corporation,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>GLOBAL EXCEL MANAGEMENT, INC., a Canadian for-profit corporation, and DOES 1 THROUGH 25, inclusive,<br><br>　　　　　　　Defendants. | Case No.: 3-14-cv-04226-DMR<br><br>Hon. Magistrate Judge Donna M. Ryu<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: November 13, 2014<br>Time: 11:00 a.m.<br>Ctrm: 4 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

　　　　PLEASE TAKE NOTICE than on November 13, 2014 at 11:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 4, 3rd Floor of the above-captioned Court, located at 1301 Clay Street, Oakland, California 94612, before the Honorable Magistrate Judge Donna M. Ryu, Defendant Global Excel Management, Inc. shall move and hereby does move to dismiss Plaintiff John Muir Health's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

　　　　This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings, records and files in this action,

and such other written or oral argument as may be presented at or before the time this Motion is taken under submission by the court.

## ISSUE TO BE DECIDED

Whether a private right of action exists under The Knox-Keene Health Care Service Plan Act of 1975, Cal. Health & Safety Code §§ 1340-1399.835; specifically, whether a private right of action exists under Cal. Health & Safety Code § 1371.4 as a stand-alone claim.

## I. INTRODUCTION

Defendant Global Excel Management, Inc. ("Global") respectfully requests that this Court dismiss the Complaint of Plaintiff John Muir Health ("John Muir Medical Center"), which alleges in its second cause of action a violation of California Health & Safety Code section 1371.4. Although California law provides that remedies for violations of section 1371.4 may be pursued through California's Unfair Competition Law[1] and common law theories of recovery, section 1371.4 does not provide for any independent right of action by private parties. Accordingly, the cause of action should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## II. FACTS ALLEGED IN THE COMPLAINT[2]

Plaintiff John Muir Medical Center is a non-profit public benefit corporation that provides medical care to patients. Complaint, ¶ 1. Defendant Global is a Canadian for-profit corporation with its principal place of business in Quebec, Canada. Complaint, ¶ 2. Global is in the business of arranging for the provision of health care services to its enrollees and/or paying for or reimbursing part or all of the cost for those services. *Id.*

Plaintiff's Complaint identifies two patients for which it seeks reimbursement of health care costs. On July 18, 2012, John Muir Medical Center provided

---

[1] Cal. Bus. & Prof. Code § 17200 *et seq.*

[2] Global disputes many of the allegations asserted in the Complaint, but for purposes of this present motion to dismiss treats the allegations as true.

emergency medical treatment to an individual with the initials L.T.  Between March 19, 2013 and April 1, 2013, John Muir Medical Center provided emergency medical treatment to an individual with the initials P.C.  Complaint, ¶ 8.  Both patients were enrolled in a health care service plan sponsored and/or administered by Global.  Complaint, ¶ 8.  Global held itself out to be the responsible payor for services provided to L.T. and P.C.  Complaint, ¶ 10.

John Muir Medical Center and Global did not have a written agreement regarding reimbursement rates for medical care.  Complaint, ¶ 9.  The total billed charges from John Muir Medical Center for the treatment of L.T. amounted to $58,525.00 and for the treatment of P.C. in the amount of $551,652.02 for a total of $610,177.02, which John Muir Medical Center submitted to Global for payment.  Complaint, ¶¶ 14-15.  Global paid a total of $149,966.12 to John Muir Medical Center for the medical services provided to both patients L.T. and P.C., but has not paid the remaining $459,985.90.  Complaint, ¶¶ 17-18.

The Complaint's second cause of action alleges "Violation of Cal. Health & Safety § 1371.4" only as it relates to patient L.T.  Complaint, ¶¶ 27-34.  John Muir Medical Center seeks damages under the second cause of action as to L.T. in the amount of $43,654.24.  Complaint, ¶ 34.

### III. ARGUMENT

#### A. Legal Standard for Motion to Dismiss Under Rule 12(b)(6)

A motion to dismiss should be granted where a party fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Rather, the complaint must allege sufficient facts to support a plausible claim for relief.  *Id.*

In evaluating a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *Id.* Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 556 U.S. at 678-79. Despite the liberal pleading standards of Rule 8 of the Federal Rule of Civil Procedure, conclusory allegations will not save a complaint from dismissal. *Id.*

### B. As there Is No Private Right of Action under California Health and Safety Code Section 1371.4, the Complaint Must Be Dismissed

John Muir Medical Center's Complaint alleges in its second cause of action a violation of California Health and Safety Code section 1371.4. Section 1371.4 is part of the Knox-Keene Health Care Service Plan Act of 1975, Cal. Health & Safety Code §§ 1340-1399.835 ("Knox-Keene Act"). *California Medical Ass'n, Inc. v. Aetna U.S. Healthcare of Calif., Inc.*, 94 Cal. App. 4th 151, 155 n.3 (2001). The Knox-Keene Act is a "comprehensive system of licensing and regulation." *Id.* (quoting *Van de Kamp v. Gumbiner*, 221 Cal. App. 3d 1260, 1284 (1990))

The Knox-Keene Act expressly authorizes the California Department of Managed Care to enforce its provisions; however, it does not include a parallel authorization for suits by private parties. *Blue Cross of Calif., Inc. v. Superior Court*, 180 Cal. App. 4th 1237, 1250 (2009). While California courts have held that a private party may pursue claimed violations of the Knox-Keene Act under California's Unfair Competition Law or common law claims of recovery, *see e.g., Coast Plaza Doctors Hospital v. UHP Healthcare*, 105 Cal. App. 4th 693, 706 (2002) ("The Knox-Keene Act…contemplates that a health care plan may be held liable under theories based on other law"), there is no stand-alone cause of action for private parties for violations of the Act, *see Ochs v. PacifiCare of Calif.*, 115 Cal. App. 4th 782, 792 (2004) (Knox-Keene Act provision "does not establish an independent basis of liability for health

care payments"); *California Medical Ass'n*, 94 Cal. App. 4th at 170 ("[The UCL] does not confer on private part[ies] a general power to enforce Knox-Keene"); *Regents of the University of California v. Global Excel Management, Inc.*, 2010 U.S. Dist. LEXIS 136552 at * 11-12 (Dec. 10, 2010) (granting motion to dismiss stand-alone claim for violation of section 1371.4).

Thus, in the *Regents of the University of California* case, the District Court for the Central District of California granted a motion to dismiss a claim for violation of section 1371.4 with prejudice, finding that any enforcement of section 1371.4 is "limited to other statutes, like California's Unfair Competition Law, or common law doctrines such as 'equitable indemnity, comparative negligence, contribution,' or quantum meruit." *Regents of the University of California*, 2010 U.S. Dist. LEXIS 136552 at * 11-12 (citing *Coast Plaza Doctors Hosp.*, 105 Cal. App. 4th at 706-07). Because California law does not provide for any independent right of action under section 1371.4, John Muir Medical Center's claim similarly must be dismissed.

### C. Leave to Amend Should Be Denied

There is no evidence that additional time to amend the complaint could improve or remedy the legal defects in Plaintiff's cause of action. Further, it appears that Plaintiff would have no further information to supplement its complaint to state a claim upon which relief can be granted for its second cause of action, even if given the opportunity for leave to do so.

### IV. CONCLUSION

Based on the foregoing, Global respectfully requests that the Court grant its motion to dismiss Plaintiff's second cause of action without leave to amend.

Dated: September 25, 2014     **DUANE MORRIS LLP**

By: /s/ Katherine L. Nichols
Cyndie M. Chang
Katherine L. Nichols
Audra L. Thompson
Attorneys for Defendant
Global Excel Management, Inc.